IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL BAKER, WILLIE ANDREWS, RICHARD ELEY, and TROY VARGAS, | ) ) ) | CIV. S-04-549 GEB GGH |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER[*] |
| ARAMARK UNIFORM AND CAREER APPAREL, INC., DON CLOWES, WILL POLIFKA, GREG LEWIS, TIM BICKERTON, DAVE KOCH, and TOM VELASCO, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants move for severance of Plaintiffs' claims or, in the alternative, for separate trials of Plaintiffs' claims.[1] Plaintiffs oppose the motion.

Defendants argue Plaintiffs' claims should be severed and/or the trials should be separated because (1) joinder was improper since

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Defendants also moved for an order staying the action pending the resolution of a separate arbitration action filed by Plaintiff Vargas. However, since Vargas terminated his arbitration action, Defendants withdrew the stay motion. (Defs.' Reply at 2.)

1

1  the claims of the four Plaintiffs do not arise out of the same
2  transaction or occurrence; (2) Defendants will suffer unfair prejudice
3  if Plaintiffs' claims are tried together; (3) jury confusion will
4  result if Plaintiffs' claims are tried together; and (4) judicial
5  economy would not be hindered by severing the claims and/or separating
6  trials.  (Defs.' Mot. at 10-19.)
7         Federal Rule of Civil Procedure 20(a) "permits the joinder
8  of plaintiffs in one action if: (1) the plaintiffs assert any right to
9  relief arising out of the same transaction, occurrence, or series of
10 transactions or occurrences; and (2) there are common questions of law
11 or fact."[2]  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).
12 "If the test for permissive joinder is not satisfied, a court, in its
13 discretion, may sever the misjoined parties, so long as no substantial
14 right will be prejudiced by the severance."  Id.
15        Plaintiffs' claims arise out of a series of transactions and
16 occurrences that took place at the Reno Depot of Aramark Uniform and
17 Career Apparel, Inc.  The claims involve discrimination and
18 retaliation directed at African-American and Hispanic employees and
19 the supervisor who spoke out on their behalf.  (Pls.' Opp'n at 14.)
20 All of Plaintiffs' claims "revolve around complaints made by white
21 supervisor plaintiff Baker to upper management about the racist and
22 discriminatory treatment of the three other plaintiffs, Andrews, Eley,
23 and Vargas."  (Id.)  Furthermore, two of the Defendants were involved
24 in claims by each of the Plaintiffs: Defendant Polifka, the Reno
25 branch manager, allegedly terminated Plaintiff Andrews and ordered
26 Baker to find a way to terminate Plaintiffs Eley and Vargas; and

---

[2]     Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

1  Defendant Clowes, Polifka's boss, allegedly fired Baker and directed
2  all of Polifka's actions.  (Id.)
3      There are also common questions of law or fact since
4  Plaintiffs allege parallel claims against Defendants for unlawful or
5  constructive discharge, retaliation and hostile work environment under
6  Title VII; and racial discrimination in the making and enforcement of
7  contracts under 42 U.S.C. § 1981.  Furthermore, Plaintiffs contend
8  that "There is commonality in the claims of the four plaintiffs not
9  only in protesting discrimination and receiving retaliation, but also
10 in the manner that each of the four plaintiffs were terminated.  All
11 were 'set up' and targeted for termination using deceit and false
12 allegations as a mainstay."  (Pls.' Opp'n at 17.)  Therefore, joinder
13 was proper under Rule 20(a) and Defendants' motion for severance is
14 denied.
15     Under Rule 42, "The court, in furtherance of convenience or
16 to avoid prejudice, or when separate trials will be conducive to
17 expedition and economy, may order a separate trial of any claim . . .
18 or of any separate issue or of any number of claims . . . ."  Fed. R.
19 Civ. P. 42(b).  Since Defendants have not established that
20 convenience, expedition, and economy would be best served by separate
21 trials, and since Defendants will not be unduly prejudiced by a single
22 trial, Defendants' motion for separate trials is denied.
23     IT IS SO ORDERED.
24 Dated:  May 19, 2005
25
26                           /s/ Garland E. Burrell, Jr.
                            GARLAND E. BURRELL, JR.
27                          United States District Judge
28