1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BAKER, et al.,

11                Plaintiffs,                No. CIV S-04-0549 GEB GGH

12         vs.

13   ARAMARK CORPORATION, et al.,

14                Defendants.               <u>ORDER</u>

15   _____/

16               Previously pending on this court's law and motion calendar for May 26, 2005,

17   was plaintiffs' motion for contempt, to compel and for sanctions, filed May 20, 2005.  Pursuant

18   to court order, defendants filed a response on May 25, 2005.  Appearing for plaintiffs was Diane

19   Vaillancourt.  Mona Badani appeared for defendants.  Having heard oral argument and reviewed

20   the parties' papers, the court now issues the following order.

21               At the May 12, 2005 hearing on the matters now at issue, the court ordered

22   production of the pertinent documents on May 18, 2005.  Defendants produced documents, but

23   plaintiffs now assert that defendants have not complied with the order in two respects, as set

24   forth below.  Plaintiffs received an order shortening time on this motion because the deposition

25   of defendant Clowes was pending and because the discovery cutoff is May 31, 2005.

26   <u>Request for Production of Documents, Set Four, Number 68</u> - "All monthly District Manager

1

1  rankings for the Central Valley Group (Market Centers 506 and 598) for years 2001, 2002 and

2  2003."

3          The court interprets discovery requests pursuant to their plain meaning whenever

4  possible.  The request at issue does not ask for a specific report, as strongly urged by defendants,

5  but asks for "monthly District Manager rankings."  The capitalization of "District Manager" may

6  have caused some initial ambiguity in that capitalization is often used to refer to specific things

7  (a particular person, place, or thing as we all learned in school), but that is what meet and confers

8  are all about—the correction of any ambiguity.  On the other hand, the request does not seek

9  evaluative documents of whatever form—it asks for *monthly* rankings of district

10 managers—despite plaintiff's counsel's improper attempts to re-open the previous motion to

11 include multiple requests for other type documents.  The court finds that the request *at issue* was

12 intended to refer to all district manager monthly rankings of whatever type or form.

13         At hearing, plaintiff did not explain what the court now discerns: the "DM

14 Ranking" produced by defendants is actually a report of all the sub-category rankings, some

15 exemplars of which plaintiff produced at hearing.  For example, on the summary sheet, Mr.

16 Baker's ranking on the "retention" sub-category was 9; this corresponds to the ranking sheet

17 which is totally devoted to this sub-category.  Thus, plaintiff's counsel could certainly decipher

18 all the rankings in the various subcategories on a monthly basis as well as the "summary" ranking

19 just by looking at the "DM Ranking" report.  Of course, the sub-category sheet contains more

20 information than the summary sheet, but then again, plaintiff only asked for "rankings"—not all

21 subsidiary information.

22         If defendants had been able to locate all the summary monthly rankings for the

23 years required by the court's previous order, plaintiff's counsel's request now for the sub-

24 category breakouts would have been denied, and plaintiff's counsel would be sanctioned for

25 seeking to gain by motion what she never asked for in the first place, and for simply not

26 performing the relatively simple correlation tasks for the sub-category rankings.  However,

2

1   defendants were not able to locate many of the summary monthly ranking forms (which seems

2   difficult to believe in that companies rarely throw away their recent statistics).  At the very least,

3   a notebook of all previous monthly reports or computer discs containing this information would

4   seem to be the least amount of historical information retained.  Therefore, defendant Aramark,

5   and any other defendant in actual or constructive possession of the reports, shall produce by May

6   31, 2005, 2:00 p.m., every *monthly*[1] ranking report, or report which references *monthly* rankings,

7   for every sub-category for which rankings were made for the years previously indicated by the

8   court.

9          The appropriate person shall also declare under penalty of perjury that a good faith

10   effort has been made to locate all ranking reports required by this order.  Failure to provide the

11   declaration within ten days of the filed date of this order, or a later determined failure to have

12   produced all available reports required by this order shall result in substantial sanctions.

13   <u>Request for Production of Documents, Set 5,Number 10</u> - "All Install Documents and records

14   relating to installation of Winkle Pontiac and Sierra Freighting for year 2003."

15          At the May 12, 2005 hearing, the court ordered defendants to produce the initial

16   contract only pursuant to a protective order with the additional limitation that it was for

17   attorneys' eyes only.  The only exception was that plaintiff's counsel could show the document to

18   Baker only, not Vargas, but that they could not give it to Baker.  Defendants were not to redact

19   any part of the contract.  It was to be produced by May 18, 2005.

20          Defendants have complied with that order.  Plaintiff's motion is denied in this

21   regard.

22   <u>Sanctions</u>

23          Both parties seek sanctions in regard to the other party's conduct as it relates to

24   the instant motion.  Those requests are denied.

25

26     [1]Any report which references a monthly ranking of district managers is to be produced.  If
no *monthly* information is referenced on a particular document, it need not be produced.

3

1  CONCLUSION

2          Accordingly, IT IS ORDERED that plaintiffs' motion for contempt, to compel

3  and for sanctions, filed May 20, 2005, is granted in part and denied in part in accordance with the

4  terms set forth herein.  Plaintiffs' and defendants' respective motions for sanctions are denied.

5  DATED: 5/27/05

6

7                                          /s/ Gregory G. Hollows
                                          _____
                                          UNITED STATES MAGISTRATE JUDGE
8  GGH:076
   Baker549.526.wpd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4